101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph COLEMAN, et al., Plaintiffs-Appellees,
v.
Pete WILSON, et al., Defendants-Appellants.
 No. 95-17039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Nov. 14, 1996.
 
 1
 Before: FLETCHER AND FERGUSON, Circuit Judges and KING,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 California Governor Pete Wilson and various California prison officials appeal a district court ruling related to a preliminary injunction requiring them to implement a plan to protect a class of state prisoners who suffer from serious mental disorders and take psychotropic medications from exposure to extreme heat. The district court did not issue a final order in this matter and as a result this appeal is dismissed for lack of subject matter jurisdiction.
 
 I.
 
 4
 The district court, in its review of a systemic challenge to the provision of mental health care services to prisoners in institutions within the California Department of Corrections, expressed its agreement with the recommendation of the magistrate judge to make permanent for three years a stipulated preliminary injunction. This stipulated preliminary injunction requires appellants to implement "heat plans" to protect certain inmates from excessive exposure to heat.
 
 
 5
 The district court adopted the magistrate judge's Findings and Recommendations with "said recommendations to be implemented by subsequent order of the court." Coleman v. Wilson, 912 F.Supp. 1282, 1324 (E.D.Cal.1995) (emphasis added). Consistent with the interim nature of its ruling, the court denied the defendants' (the state's) motion for judgment pursuant to Federal Rule of Civil Procedure 52(c) and denied a stay pending appeal as premature. We agree that this appeal is simply premature. There is no final order.
 
 II.
 
 6
 "Finality as a condition of review is an historic characteristic of federal appellate procedure." Cobbledick v. United States, 309 U.S. 323, 324 (1940). "The foundation of this policy is not in merely technical conceptions of 'finality.' It is one against piecemeal litigation." Catlin v. United States, 324 U.S. 229, 233-34 (1945). While 28 U.S.C. § 1292(a)(1) provides an exception to the final judgment rule and permits appeal from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions," this exception does not apply to the case at hand because no order has been issued.
 
 
 7
 This court held in Orange County v. HongKong and Shanghai Banking Corp., 52 F.3d 821 (9th Cir.1995), that "[i]n determining whether an order has the practical effect [under § 1292(a)(1) ] of granting or denying an injunction, we look to its substantial effect rather than its terminology." Id. at 825 (citations and internal quotations omitted). Viewed in light of the essential attributes of an injunction, the district court's opinion does not have the effect of an injunction.[1]
 
 
 8
 At best, the district court's opinion indicates its intention to keep in place, in an order yet to be entered, the stipulated preliminary injunction that, by its terms, was to last until further order of the court, to be based on agreement of the parties or trial. See Public Service Company of Colo. v. Batt, 67 F.3d 234 (9th Cir.1995).
 
 
 9
 Because the district court's opinion is not an appealable order, this appeal is dismissed for lack of subject matter jurisdiction.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The fundamental characteristics of an injunction are that it is (1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a preliminary fashion.' " Id. (citing 16 Charles A. Wright et al., Federal Practice and Procedure § 3922 at 29 (1977) (internal citations omitted))